## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN DAVENPORT,                          :        Civil No. 3:21-cv-84
                                          :
                Plaintiff                 :        (Judge Mariani)
                                          :
        v.                                :
                                          :
CUMBERLAND COUNTY PUBLIC                   :        FILED
DEFENDER, *et al.*,                        :        SCRANTON
                                          :        OCT 07 2021
                Defendants                :
                                                   PER _____ DEPUTY CLERK

### MEMORANDUM

Plaintiff Kevin Davenport ("Davenport"), a former inmate housed at the Cumberland County Prison, in Carlisle, Pennsylvania, initiated this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). Preliminary review of the complaint reveals that it is in violation of Federal Rule of Civil Procedure 8(a). Mindful of the wide latitude given to *pro se* plaintiffs, the Court will provide Davenport an opportunity to correct his pleading errors by filing an amended complaint.

I.    **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Davenport's complaint fails to meet these basic pleading requirements.

### A.   Davenport's Complaint

Davenport filed this § 1983 action against the Cumberland County Public Defender, the Cumberland County District Attorney, the Cumberland County Clerk of Courts, the Cumberland County Probation Office, the Cumberland County Prison, and the Cumberland County Commissioners.  (Doc. 1).  The allegations in the complaint are as follows:

> Failure to notify me of my Appeal decision 2/25/2019.  Failure to request a motion within the reasonable timeframe.  Failure to represent me to the fullest ability possible.  Failure to notify me of my Appeal decision 2/25/2019. Failure to revoke my bail and place a warrant 2/25/2019.  Failure to notify me of my commitment date.  Failure to notify me of my Appeal decision 2/25/2019.  Failure to revoke my bail and place a warrant 2/25/2019.  Failure to notify me of my commitment date.

(*Id.* at pp. 3, 5).  For relief, Davenport requests that the Cumberland County Public Defender and the Cumberland County District Attorney be "fired and given a fine." (*Id.* at p. 5).  He further requests that the Court impose a fine on the Cumberland County Clerk of Courts, the Cumberland County Probation Office, the Cumberland County Prison, and the Cumberland County Commissioners.  (*Id.* at pp. 5, 7).

Davenport fails to provide any specific factual allegations to support any claims against the Defendants.  Under the most liberal construction, Davenport's complaint fails to state a claim for relief.  It fails to provide any specific factual averments explaining how his constitutional rights were violated.  It also does not identify the particular conduct that harmed him.  This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief.  *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522

(3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

Additionally, the Cumberland County Probation Department and the Cumberland County Prison are not proper Defendants as they are not persons subject to suit under 42 U.S.C. § 1983.  It is well-settled that neither a state nor its agencies, are considered "person[s]" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit.  *See Hafer v. Melo*, 502 U.S. 21, 25-27 (1991); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (a prison or jail is not a "person" who is subject to liability under 42 U.S.C. § 1983).

Based upon the above legal standards, it is clear that any claims against the Defendants are subject to dismissal based on Davenport's failure to set forth any factual allegations against them in the complaint.  Without such factual allegations, it is impossible to conclude that the Defendants deprived Davenport of any constitutional rights.  As such, the present complaint will be dismissed as Davenport fails to state a claim upon which relief may be granted.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the

4

purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Davenport will be permitted leave to amend his complaint. Davenport is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. It should sufficiently allege personal involvement of each Defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## III.  Conclusion

The complaint (Doc. 1) will be dismissed for failure to state a claim upon which relief may be granted. Davenport will be granted twenty (20) days to file an amended complaint. Failure to file an amended complaint within the time prescribed above will result in dismissal of this action.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October ___, 2021